**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **WILLIAM MYERS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 26-CV-0507-CVE-SH** |
| | ) | |
| **WALMART INC. d/b/a Spark,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Now before the Court are plaintiff's complaint (Dkt. # 1) and motion for leave to proceed in forma pauperis (Dkt. # 2). In reliance upon the representations and information set forth in plaintiff's motion to proceed in forma pauperis, the Court finds that the motion should be granted. Plaintiff is permitted to file and maintain this action to conclusion without prepayment of fees and costs. 28 U.S.C. § 1915(a). However, because authorization to proceed in forma pauperis excuses only prepayment of the fee, plaintiff remains obligated to pay the full $350 filing fee when he is able to do so. See Brown v. Eppler, 725 F.3d 1221, 1230-31 (10th Cir. 2013) (noting that authorization to proceed in forma pauperis only excuses prepayment of the filing fee). Because the Court authorizes plaintiff to proceed without prepayment, he is not required to pay the $55 administrative fee.

Plaintiff has obtained leave to proceed in forma pauperis, and the requirements of 28 U.S.C. § 1915 are applicable. See Lister, 408 F.3d at 1311. Section 1915(e)(2) requires a district court to dismiss a case if at any time the court determines that "the action . . . (i) is frivolous or malicious [or] (ii) fails to state a claim on which relief may be granted." A court reviewing a pro se plaintiff's complaint must broadly construe the complaint's allegations to determine if the plaintiff can state

a claim upon which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The court's generous construction of a pro se plaintiff's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if [a] court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." Id. A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Bell Atl. Corp. v.Twombly, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1175 (10th Cir. 1997).

Plaintiff appears to be asserting claims under various federal statutes, including the Fair Labor Standards Act (FLSA), the Fair Credit Reporting Act, Title VII, and 42 U.S.C. § 1981. The complaint contains sparse factual allegations, but plaintiff has alleged that he was a delivery driver working for "Walmart Inc. d/b/a Spark," and he claims that Walmart improperly classified him as an independent contractor while exercising substantial control over the conditions and performance of his services. Dkt. # 1, at 2. The complaint also contains allegations which appear to be an attempt to allege a discrimination claim under Title VII. Id. ("Defendant issued a defective adverse action denying me a meaningful pre-adverse response window through intentional portal lockout"); id.

("Defendant violated the EEOC compliance parameters creating an unlawful disparate impact. Failed to conduct individualized assessment for a 2004 non-violent conviction"). Plaintiff has attached a copy of his charge of discrimination filed with the Oklahoma Attorney General's Office of Civil Rights Enforcement in which plaintiff alleges that he is white, and he claims that he had been fired after his employer conducted a background check and found that he had a felony conviction. Id. at 3.

The Court will consider whether plaintiff has stated a claim under any of the statutes cited in the complaint. The Court initially notes that plaintiff has cited the FCRA, but he has made no allegations suggesting that defendant inaccurately reported any credit information to a credit reporting agency. Even though plaintiff is proceeding pro se, plaintiff must include some factual allegations supporting his claims and the Court cannot construct a claim on plaintiff's behalf. The Court finds no possible basis for plaintiff to recover against defendant under the FCRA. Plaintiff contends that defendant discriminated against him because of his race, and he is attempting to allege claims under Title VII and § 1981. The fact that plaintiff has alleged that defendant discriminated against him because he is white does not foreclose liability under these statutes. See Ames v. Ohio Dep't of Youth Servs., 605 U.S. 303, 310 (2025) (the standard for alleging disparate treatment claims remains the same whether the plaintiff is a member of a minority or majority group). However, plaintiff must still allege some facts suggesting that race was the cause of his termination. Plaintiff's allegations plainly state that he believes defendant fired him because of a prior felony conviction that was discovered during a background check, and he makes no attempt to link his termination to alleged racial discrimination. Therefore, plaintiff has not alleged potentially viable claims under Title VII or § 1981.

Plaintiff cites the FLSA and he alleges that defendant misclassified him as an independent contractor to avoid paying him overtime. Plaintiff alleges that defendant "exercis[ed] complete physical control over his operational work space, register locations and credential verifications," and this appears to be an attempt to show that he should have been classified as an employee rather than as an independent contractor. Dkt. # 1, at 2. The Court will assume that plaintiff has adequately alleged that he was improperly classified as an independent contractor, but he has otherwise failed to allege a valid FLSA claim. Plaintiff's complaint contains no allegations that he actually worked more than 40 hours during any single work week or that he did work more than 40 hours and was denied overtime pay. 29 U.S.C. § 207(a); Prince v. Kansas City Tree Care, LLC, 660 F. Supp. 3d 1082, 1096 (D. Kan. 2023) (alleging entitlement to overpay pay for actually working in excess of 40 hours per week is an essential element of an FLSA claim). Plaintiff is not required to specifically identify which workweeks he was not paid overtime, but he must at least generally allege that at some point he worked in excess of 40 hours per week and was not paid overtime. Martin v. Armstrong Transfer & Storage Co., Inc., 2026 WL 1257296 (N.D. Okla. May 7, 2026). Plaintiff's complaint is wholly lacking as to any allegation that he actually worked sufficient hours for which he could have been entitled to overtime pay, and he has failed to state a claim under the FLSA. The Court finds no other claims potentially alleged in plaintiff's complaint, and plaintiff's complaint is dismissed in its entirety due to plaintiff's failure to state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Dkt. # 2) is **granted**.

**IT IS FURTHER ORDERED** that plaintiff's complaint (Dkt. # 1) is **dismissed without prejudice** for failure to state a claim. A separate judgment of dismissal is entered herewith.

**DATED** this 22nd day of September, 2026.

Claire V. Eagan

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE